IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIJAH SANTIAGO, #M-05397, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | )   Case No. 12-cv-988-JPG |
| | ) |
| S.A. GODINEZ, DAVID REDNOUR, | ) |
| GUY D. PIERCE, RANDY PFISTER, | ) |
| SARAH JOHNSON, DONALD GISH, | ) |
| ANGELICA JOYNER, | ) |
| UNKNOWN JANE AND JOHN DOES and | ) |
| S. SIMPSON, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

GILBERT, District Judge:

Plaintiff, currently incarcerated at Pontiac Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for incidents occurring at Menard Correctional Center ("Menard") and Pontiac Correctional Center ("Pontiac"). On April 25, 2011, after fighting with Correctional Officer Krause at Menard, Plaintiff states he was taken to the showers and beaten by approximately eight unknown correctional officers (Defendants Unknown John and Jane Does). Afterward, he was again beaten by approximately ten Unknown Defendants in a holding area. Plaintiff's beating continued in the corridor and interview area.

On April 25, 2011, prison officials transferred Plaintiff to Pontiac where Plaintiff proceeded with the grievance process. A disciplinary hearing ensued wherein Plaintiff pleaded guilty to an altercation with Officer Krause and received sanctions. Plaintiff has filed numerous grievances and states that Defendants Godinez, Rednour, Pfister, Pierce, Joyner, Gish, Simpson,

1

and Johnson improperly held disciplinary proceedings and allowed sanctions to be imposed on Plaintiff, resulting in loss of good time credit.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Unknown Defendants Jane and John Does, Menard Correctional Officers, for excessive force (Count 1) and Defendants Godinez, Rednour, Pfister, Pierce, Joyner, Gish, Simpson and Johnson for due process violations (Count 2).

In *George v. Smith*, **507 F.3d 605 (7th Cir. 2007)**, the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* **507 F.3d at 607,** *citing* **28 U.S.C. § 1915(b), (g)**. Plaintiff's complaint contains two unrelated claims against different defendants: excessive force against Unknown Defendants and due process violations against Defendants Godinez, Rednour, Pfister, Pierce, Joyner, Gish, Simpson and Johnson for due process violations.

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall **SEVER** Count Two of Plaintiff's complaint into a new case, according to the instructions below.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's due process claim (**COUNT TWO**), which is unrelated to the excessive force claim, is **SEVERED** into a new case. That new case shall be: Claim against **DEFENDANTS GODINEZ, REDNOUR, PFISTER, PIERCE, JOYNER, GISH, SIMPSON AND JOHNSON** for due process violations. The new case **SHALL BE**

**ASSIGNED** to a District Judge for further proceedings. In the new case, the Clerk is **DIRECTED** to file the following documents:

      (1) This Memorandum and Order
      (2) The Original Complaint (Doc. 1)
      (3) Plaintiff's motion to proceed *in forma pauperis* (Doc. 2)

Plaintiff is **ADVISED** that if, for any reason, he does not wish to proceed with the newly opened case, he must notify the Court in writing on or before January 11, 2013. Unless Plaintiff notifies the Court that he does not wish to pursue the newly opened action, he will be responsible for an additional filing fee in the new case. Furthermore, because the claim in Count Two, which primarily involves employees of Pontiac, arose in the Central District of Illinois, the new case shall be transferred to that judicial district if Plaintiff elects to go forward with it.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to proceed on his claims in **COUNT ONE**, Plaintiff shall file his First Amended Complaint, naming the individual Defendants directly responsible for the alleged deprivations in Count One, on or before January 11, 2013.

Plaintiff is **ADVISED** that the First Amended Complaint shall contain ONLY the claims designated in this Order as Count One, and shall name ONLY those Defendants directly and personally responsible for the allegedly unconstitutional acts (for Count One, the Defendant(s) who were involved in the described beating of Plaintiff). Should the First Amended Complaint not conform to these requirements, it shall be stricken and the entire case may be dismissed. Failure to file an amended complaint may result in dismissal of this case pursuant to Federal Rule of Civil Procedure 41(b).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1

(7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

Service on the remaining Defendants shall not be commenced until after the Court reviews the First Amended Complaint pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 7, 2012**

s/J. Phil Gilbert
**United States District Judge**