IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIJAH SANTIAGO, # M-05397, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-988-JPG |
| ) | |
| DOUGLAS A. KRAUSE, and ) | |
| JOHN DOE OFFICERS 1-8, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for review of Plaintiff's First Amended Complaint, filed by counsel on November 27, 2013 (Doc. 41). Plaintiff originally filed this action on September 12, 2012 (Doc. 1). On December 7, 2012 (Doc. 9), Plaintiff was ordered to file an amended complaint to identify the unknown correctional officers who allegedly beat him, so that they could be served with process. Counsel was ultimately appointed to assist Plaintiff in that discovery process after his *pro se* attempts proved fruitless.

The First Amended Complaint alleges that on April 25, 2011, while Plaintiff was a prisoner at Menard Correctional Center ("Menard"), he had a physical altercation with Defendant Krause (a correctional officer) (Doc. 41, p. 2). Defendant Krause then handcuffed Plaintiff's arms behind his back, and directed the John Doe Correctional Officer Defendants to make sure Plaintiff got his "butt kicked." *Id*. The eight John Doe Defendants took Plaintiff to a shower area and beat him for several minutes. Several John Doe Defendants then moved Plaintiff to a holding area and beat him again.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Because Plaintiff is a prisoner, under § 1915A, the Court is required to conduct a prompt threshold review of the amended complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim against Defendant Krause for directing the other Defendants to harm Plaintiff, and for failure to protect Plaintiff from injury **(Count 1)**. Further, Plaintiff has stated an Eighth Amendment claim against the John Doe Correctional Officer Defendants (1-8) for excessive force **(Count 2)**. Both claims shall be referred to a United States Magistrate Judge for further review, as soon as the matter of service can be addressed.

**Status of Counsel Appointment and Service of Process**

Attorney Robert Woodward was recruited and appointed to represent Plaintiff in the discovery phase of this matter and to file an amended complaint on Plaintiff's behalf. He has now completed that task, and under the terms of this Court's order appointing him, he may now file a motion to withdraw as counsel at his option (Doc. 36, p. 3).

As to service of process on Defendant **KRAUSE,** the Court recognizes that because Plaintiff is incarcerated, if counsel withdraws from the case, Plaintiff may have difficulty as a *pro se* party effectuating service within the 120 day time limit imposed by Federal Rule of Civil Procedure 4(m). Plaintiff has paid the filing fee for this action in full, and has not been granted leave to proceed *in forma pauperis.* Therefore, if Plaintiff is to proceed with this action *pro se*, the Court will not automatically appoint the United States Marshal to effect service of process upon Defendants. However, if counsel withdraws and Plaintiff then desires to request the

appointment of the United States Marshal to serve process on the Defendants, Plaintiff may file a motion for service of process at government expense.  The Clerk of Court is **DIRECTED** to mail to Plaintiff the Court's Pro Se Litigant Guide, containing forms and instructions for filing said motion, in the event he needs to do so.

In the alternative, if counsel elects to continue his representation, he may request the Clerk to issue summons for service on Defendant Krause in accordance with Rule 4(c)(2), or may request Defendant Krause to waive service of summons pursuant to Rule 4(d).

In order for the Court to properly manage this prisoner case with respect to service on Defendant Krause as well as other matters, it is necessary to be informed as to whether counsel desires to continue his representation of Plaintiff until the final adjudication of the matter by this Court.  **IT IS THEREFORE ORDERED** that, if counsel desires to withdraw from this matter, he **SHALL FILE** his motion to withdraw within 14 days of the date of this order (on or before **December 16, 2013**).  Alternatively, if counsel chooses to continue his representation, he shall so notify the Court by that deadline.

**IT IS SO ORDERED.**

**DATED: December 2, 2013**

*s/ J. Phil Gilbert*
United States District Judge