UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELIJAH SANTIAGO,

    Plaintiff,

        v.

DOUGLAS A. KRAUSE, BRAD COLEMAN
and SEAN WOLTERS,

    Defendants.

Case No.   12-cv-988-JPG-PMF

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the Report and Recommendation ("Report") of Magistrate Judge Philip M. Frazier (Doc. 112) recommending that the Court grant defendant Douglas A. Krause's motion for summary judgment for failure to exhaust administrative remedies (Doc. 95) and deny Krause's motion to dismiss as moot (Doc. 92).

    The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

    This lawsuit stems from assaults plaintiff Elijah Santiago claims he suffered on April 12, 2011, at Menard Correctional Center ("Menard") when he was housed there. He claims Krause and the other two defendants were responsible for the assaults. Specifically, he claims the defendants assaulted him in the West Cell House, and then Krause instructed the other defendants to assault Santiago once he was removed from the West Cell House. He alleges the other defendants did so once he was taken to the North Cell House. Santiago sent a grievance to the Administrative Review Board ("ARB") on April 24, 2011, and, not having heard a response by late September, resent the grievance at that time. The ARB received the grievance on September 30, 2011, and denied it as untimely.

    In the Report, Magistrate Judge Frazier found that Santiago's April 24, 2011, grievance did not describe the conduct alleged against Krause in this case – squeezing handcuffs too tight,

yanking on handcuffs, directing other officers to assault Santiago, and failing to intervene in other officers' use of excessive force, all in the West Cell House – as required by the Illinois Administrative Code, 20 Ill. Admin. Code § 504.810(b) ("The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name [or a description] of each person who is the subject of or who is otherwise involved in the complaint.").  Specifically, the grievance did not mention or describe Krause or his conduct in the West Cell House, the subject of the claims in this lawsuit against Krause. Accordingly, Magistrate Judge Frazier concluded that the grievance did not serve to exhaust the remedies for Santiago's current claims against Krause.

In his objection, Santiago argues that at the time of the incident, he did not hear Krause give orders to assault Santiago, so he could not have included that conduct in his grievance.  He also states that he did not include Krause's alleged direct conduct against him in his grievance because he was face down and the time and did not see who committed the conduct.  He only learned of Krause's alleged involvement more than two years later when another inmate on the gallery at the time told him of Krause's conduct, well beyond his deadline to file a grievance.

The Court has reviewed Santiago's April 24, 2011, grievance and finds that it does not complain that any correctional official squeezed his handcuffs too tight, yanked his handcuffs, directed other officials to assault him, or stood by while other correctional officers used excessive force in the West Cell House.  With respect to squeezing and yanking the handcuffs and standing by without intervening, the Court finds that Santiago has not satisfied the Illinois Department of Corrections' ("IDOC") requirement that a grievance list the factual details of the subject of the complaint.  The grievance simply does not in any way describe the direct conduct in the West Cell House that is at issue in this case.

As for Krause's instruction to other officers to assault Santiago after he was removed from the West Cell House, the Court comes to a different conclusion.  Santiago's April 24, 2011, grievance complained of assaults in the North Cell House which he now claims were pursuant to instructions by Krause.  The Court notes that the main function of a grievance is to provide prison officials a fair opportunity to address an inmate's complaint, *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011), not to put a defendant on notice of claims against him.  Krause has not shown that Santiago's April 24, 2011, grievance was insufficient to alert IDOC to the alleged assault in the North Cell House and the involvement of correctional officials.  The grievance afforded IDOC a fair opportunity to investigate and remedy the problem, and the failure to name or describe Krause

as the one who ordered the assault will not prevent exhaustion.

This ruling necessitates a decision on the statute of limitations issue, the other issue raised in Krause's motion for summary judgment. He argues Santiago's lawsuit was untimely because he added Krause as a defendant more than two years after the alleged incident. This argument ignores the effect of Santiago's grievance.

Federal civil rights claims arising in Illinois are subject to the state two-year personal injury limitation period under 735 ILCS 5/13-202, as well as Illinois' tolling rules. *Wallace v. Kato*, 549 U.S. 384, 387, 394 (2007); *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001). Under Illinois law, 735 ILCS 5/13-216, the statute of limitations is tolled while the inmate exhausts his administrative remedies under 42 U.S.C. § 1997e(a). *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001).

In this case, Santiago filed his grievance shortly after the alleged assault and did not reach the final level of the administrative remedies process until June 20, 2012, when he received a final response from the ARB. The period his grievance was pending was tolled. Since Santiago filed his amended complaint naming Krause for the first time well within two years of the alleged assault – not counting the period his grievance was pending – his claim against Krause for directing the other correctional officers to assault Santiago is not barred by the statute of limitations.

In light of the fact that one of Santiago's claims against Krause survives summary judgment, Krause's motion to dismiss the battery claim in Count II is not moot (Doc. 92) and will be considered in another Report and Recommendation.

For these reasons, the Court:

- **ADOPTS** the Report (Doc. 112) as **MODIFIED** and **SUPPLEMENTED** by this order;

- **GRANTS in part** and **DENIES in part** Krause's motion for summary judgment (Doc. 95). The motion is **GRANTED** to the extent it seeks summary judgment on Santiago's claims that Krause squeezed his handcuffs too tight, yanked on his handcuffs and failed to intervene in other officers' use of excessive force. The motion is **DENIED** to the extent it seeks summary judgment on Santiago's claim that Krause directing other officer to assault Santiago;

- **DISMISSES** for failure to exhaust administrative remedies Count 1 (excessive force) against Krause to the extent it relies on allegations that Krause squeezed Santiago's handcuffs too tight and yanked on his handcuffs, and Count 4 (failure to protect/intervene) against Krause in its entirety;

3

- **REFERS** Krause's motion to dismiss (Doc. 92) to Magistrate Judge Frazier pursuant to Local Rule 72.1(a)(2) for consideration with a similar motion filed by defendants Coleman and Wolters (Doc. 108); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: January 27, 2015**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
