## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELIJAH SANTIAGO,                      )
                                      )
    Plaintiff,                    )
                                      )
    vs.                           )      Case No. 3:12-cv-988-JPG-PMF
                                      )
S. A. GODINEZ, et al.,                )
                                      )
    Defendants.                   )

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court are motions to dismiss (Doc. Nos. 92, 108).  In his Second Amended Complaint, plaintiff Elijah Santiago challenges the conditions of his former confinement at Menard Correctional Center, alleging in Count 2 that Douglas A. Krause, Brad Coleman, and Sean Wolters committed assault and battery in violation of the tort law of Illinois (Doc. No. 88). In their motions, the defendant seek dismissal of Count 2 for lack of subject matter jurisdiction, reasoning that the claim is within the exclusive jurisdiction of the Illinois Court of Claims because Santiago describes breach of a duty arising from state employment and therefore a claim against the State of Illinois.  The motions are opposed (Doc. Nos. 105, 110).  Santiago's position is that the Court has supplemental jurisdiction over Count 2 because facts underlying that claim describe a breach of a duty owed generally by members of the public rather than breach of a duty arising uniquely from the defendants' status as state employees.

Rule 12(b)(2) permits dismissal of claims for lack of subject matter jurisdiction.  In evaluating these motions, the Court may consider information outside of the Second Amended Complaint in order to determine whether subject matter jurisdiction exists. *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995).  Even so, factual allegations and reasonable inferences drawn therefrom are viewed in the light most favorable to the plaintiff.  *Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004).  When jurisdiction is questioned, plaintiff bears the burden of

proving that jurisdiction exists.  *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987),

The parties agree that jurisdiction lies with the Court of Claims, provided that the source of the duty the defendants are charged with breaching arises solely by virtue of their state employment.  They disagree as to the source of the duty in question.  Without discussing particular events or circumstances, defendants Krause, Coleman and Wolters contend that Santiago's assault and battery claim is based on duties imposed as a result of their state employment.  Plaintiff's position, that the duty arose from a general obligation not to commit an assault and battery and exists independently of state employment, is more persuasive.

Sovereign immunity does not bar Count 2.  As to claims against the State of Illinois founded upon Illinois law, the Illinois Court of Claims has exclusive jurisdiction. 705 ILCS 505/8(a).  While negligence claims have been dismissed from federal actions on the ground that they belong in the Illinois Court of Claims, *see Turner v. Miller*, 301 F.3d 599, 602 (7th Cir. 2002), the factual allegations and circumstances here do not reasonably suggest that the duty owed to Santiago is one uniquely held by State employees, making the State of Illinois the real party in interest.  The duty not to inflict multiple gratuitous beatings on an individual is one that applies to the public at large.  *See Turpin v. Korpchak*, 567 F.3d 880, 882-83 (7th Cir. 2009).

IT IS RECOMMENDED that the motions (Doc. Nos. 92, 108) be DENIED.

SUBMITTED:   March 9, 2015  .

 s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**