UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELIJAH SANTIAGO,

    Plaintiff,

        v.

DOUGLAS A. KRAUSE, BRAD COLEMAN,
SEAN WOLTERS and JOHN DOE OFFICERS 1-8,

    Defendants.

Case No.   12-cv-988-JPG-PMF

**MEMORANDUM AND ORDER**

    This matter comes before the Court on plaintiff Elijah Santiago's objection (Doc. 142) to Magistrate Judge Philip M. Frazier's order (Doc. 140) denying his motion for appointment of counsel (Doc. 137).   Magistrate Judge Frazier found Santiago had not complied with the Court's prior instructions, that is, that any further requests be accompanied by a trust fund statement showing his balance for the entire period this case has been pending.   Santiago objects, arguing on the merits that he is entitled to counsel and asking for another opportunity to submit his trust fund statement.

    It also appears that the attachments to Santiago's objection may contain an objection to Magistrate Judge Frazier's order (Doc. 141) denying Santiago's motion for leave to amend his complaint to add additional defendants (Doc. 138).   Magistrate Judge Frazier found there was no good cause for extending the scheduling order's deadline for amending pleadings.   He found the proposed new defendants would be prejudiced by an amendment because they would not have an opportunity for discovery or to file dispositive motions, and that the statute of limitation for claims against them had likely expired.   Santiago complains that he was diligent in attempting to discover the identities of the proposed new defendants, that the other defendants were unresponsive to discovery requests, and that he only learned the proposed new defendants'

identities in the defendants' summary judgment motion, which was filed beyond the statute of limitations.

A district court reviewing a magistrate judge's decision on nondispositive issues should modify or set aside that decision if it is clearly erroneous or contrary to law.  See Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  Accordingly, the Court will affirm Magistrate Judge Frazier's decision unless his factual findings are clearly erroneous or his legal conclusions are contrary to law.  *Id.*

Magistrate Judge Frazier was not clearly wrong in his conclusion that Santiago had not complied with the Court's prior order requiring him to provide a comprehensive trust fund statement with any further requests for counsel.  Information about Santiago's financial situation is critical because appointment of counsel is warranted for indigent plaintiffs, and Santiago has not been found indigent.

Additionally, Magistrate Judge Frazier was not clearly wrong in finding no good cause for extending the deadline to file an amended complaint.  Santiago had adequate time to conduct discovery to discover names of potential defendants in a timely manner, but he failed to follow the proper procedures when he was not satisfied with the responses provided by the defendants.

For these reasons, the Court **AFFIRMS** Magistrate Judge Frazier's orders (Docs. 140 & 141) and **OVERRULES** Santiago's objection (Doc. 142).  Santiago is free to file a new, properly supported motion for appointment of counsel.

**IT IS SO ORDERED.**
**DATED: January 13, 2016**

              s/ J. Phil Gilbert
              **J. PHIL GILBERT**
              **DISTRICT JUDGE**