UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ELIJAH SANTIAGO,

    Plaintiff,

        v.

DOUGLAS A. KRAUSE, BRAD COLEMAN,
SEAN WOLTERS and JOHN DOE OFFICERS 1-8,

    Defendants.

Case No. 12-cv-988-JPG-PMF

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Elijah Santiago's objection (Doc. 145) to the Court's January 13, 2016, order (Doc. 144) affirming Magistrate Judge Philip M. Frazier's November 11, 2015, order (Doc. 141) denying his motion for leave to amend his complaint to add additional defendants (Doc. 138). The Court construes Santiago's objection as a motion for reconsideration.

"A court has the power to revisit prior decisions of its own . . . in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 n. 8 (1983)); Fed. R. Civ. P. 54(b) (providing a non-final order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"). The decision whether to reconsider a previous ruling in the same case is governed by the law of the case doctrine. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). The law of the case is a discretionary doctrine that creates a presumption against reopening matters already decided in the same litigation and authorizes reconsideration only for a compelling reason such as a manifest error or a change in the law that reveals the prior

ruling was erroneous.  *United States v. Harris*, 531 F.3d 507, 513 (7th Cir. 2008); *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007).

The Court has reviewed Santiago's objection and the exhibits attached thereto and has found no compelling reason to reconsider the Court's prior ruling.   Santiago simply repeats the arguments he made in his prior motion and objection, which were rejected by the Court.   He presents no new evidence and points to no manifest error of law or change in the law that would warrant reconsideration.   Accordingly, the Court **DENIES** Santiago's objection, construed as a motion for reconsideration (Doc. 145).

**IT IS SO ORDERED.**
**DATED: February 18, 2016**

                                      s/ J. Phil Gilbert
                                      **J. PHIL GILBERT**
                                      **DISTRICT JUDGE**